UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL C. HURT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22 CV 59 ACL |
| | ) |
| ROLLING FRITO-LAY SALES, L.P., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff's decedent, Michael S. Hurt ("Decedent"), suffered a fatal cardiac event while working for Defendant. Plaintiff, Decedent's son, brought the instant Missouri wrongful death action against Defendant. Presently pending is Defendant's Motion for Judgment on the Pleadings. (Doc. 17.) The Motion is fully briefed and ready for disposition.

I. **Background**

In his Complaint, originally filed in the Circuit Court of Stoddard County, Missouri, Plaintiff alleges that Decedent was employed by Defendant to deliver and stock chips to various stores. He was required to wear a uniform, and work in an unusually hot work environment, under strict delivery deadlines, "which exposed him to high levels of stress triggering a cardiac event." (Doc. 5 at 2.) Decedent's normal delivery route was extremely challenging and demanding such that after Decedent passed away, his previous route was split between two drivers. His working conditions caused extreme stress on his body, which caused or contributed to cause the cardiac event leading to his death.

Plaintiff alleges that Defendant knew or should have known that Decedent's job duties overworked Decedent, placing an extraordinary amount of stress on his body causing his death.

Plaintiff contends that the following actions of Defendant were careless and negligent: failed to monitor its working conditions, failed to provide Decedent with assistance for workload, failed to provide and allow for adequate breaks to Decedent, failed to monitor Decedent's health and fitness for duty, failed to provide safe working environment to Decedent, negligently required an unmanageable workload for Decedent, and imposed unrealistic workload levels and pressure. As a direct and proximate result of Defendant's negligence, Decedent sustained physical injury and pain prior to his death, for which Plaintiff is entitled to recover monetary damages.

The Complaint alleges that Plaintiff's claim falls outside the exclusivity provision of the Missouri Workers' Compensation Act, because the Act does not provide a remedy under the facts of this case.

II.     **Legal Standard**

"A motion for judgment on the pleadings should be granted when, accepting all facts pled by the nonmoving party as true and drawing all reasonable inferences from the facts in favor of the nonmoving party, the movant has clearly established that no material issue of fact remains and that the movant is entitled to judgment as a matter of law."  *Schnuck Mkts., Inc. v. First Data Merch. Servs. Corp.*, 852 F.3d 732, 737 (8th Cir. 2017) (cited case omitted).

A motion under Rule 12(c) is determined by the same standards that are applied to a motion under Rule 12(b)(6).  *Ellis v. City of Minneapolis*, 860 F.3d 1106, 1109 (8th Cir. 2017). To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  A plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative

level." *Schaaf*, 517 F.3d at 549 (citing *Twombly*, 550 U.S. at 555, 597 n.3).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

The Court accepts as true all of the factual allegations contained in the Complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.  *Id.* at 555-56; Fed. R. Civ. P. 8(a)(2).  The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 678.  In considering a Rule 12(c) motion, the Court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record.

III.    **Discussion**

Defendant argues that the Missouri Workers' Compensation Act ("Act") provides the exclusive remedy against employers for injuries caused by accidents arising out of and in the course of an employee's employment.  Defendant contends that the determination of whether and to what extent an employee has sustained a compensable injury under the Act lies within the primary jurisdiction of the Division of Workers' Compensation.   Defendant argues that Plaintiff's claim is clearly barred or precluded by the exclusivity provisions of the Act.

Plaintiff responds that his claims are not barred by the exclusivity provision of the Act because he alleges that Decedent suffered a cardiac event that falls outside the definition of an accident or injury under the Act.  Specifically, he states that the 2005 amendment to Mo. Rev. Stat. § 287.240 changed the definition of "accident" and "injury" to exclude cardiovascular events where the accident is not the "prevailing factor."  He further argues that the Act was amended in 2017 to remove the right for "partial" dependents to be able to pursue a remedy

3

under the Act.  Because Plaintiff's claim falls outside the Act, he argues that he is able to bring a civil action under common law negligence.

In its Reply, Defendant argues that Plaintiff cannot plead around workers' compensation exclusivity.  Defendant contends that the primary jurisdiction doctrine requires that the issue of whether Decedent's working conditions were the "prevailing factor" in his death must be decided by the Missouri Labor and Industrial Commission ("Commission").  Defendant further argues that the factual issues of whether Plaintiff is a dependent must be decided by the Commission under the primary jurisdiction doctrine.

The exclusivity provision of the Act provides: "The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee ... at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter." Mo. Rev. Stat. § 287.120(2).  Missouri courts have held that this exclusivity provision is a complete bar to common law tort actions that arise out of work-related incidents, and that fall within the provisions of the Missouri Workers' Compensation Act. *See, e.g.*, *Killian v. J & J Installers, Inc.*, 802 S.W.2d 158, 160 (Mo. 1991) (en banc); *see also Giandinoto v. Chemir Analytical Servs., Inc.*, 545 F. Supp.2d 952, 960 (E.D. Mo. 2007).

In 2015, the Missouri legislature made significant changes to the workers' compensation program.  Among the changes was a narrowing of the definitions of "accident" and "injury" in subsections 287.020.2 and 287.020.3.  Specifically relevant to the instant matter, the definition of "accident" and "injury" were changed to exclude cardiovascular events where the "accident" is not the "prevailing factor."  The relevant provision provides as follows:  "A cardiovascular, pulmonary, respiratory, or other disease, or cerebrovascular accident or myocardial infarction

4

suffered by a worker is an injury only if the accident is the prevailing factor in causing the resulting medical condition." Mo. Rev. Stat. § 287.020.3(4).

Plaintiff argues that the Complaint on its face alleges that Decedent suffered a cardiac event that falls outside the definition of accident or injury under the Act. Relying upon *Missouri Alliance v. Dep't. of Labor*, 277 S.W.3d 670, 679 (Mo. banc 2009), Plaintiff contends that he is able to bring a civil action under common law negligence because the Act does not provide for such rights and remedies. The Complaint itself cites *Missouri Alliance* as authority for Plaintiff's ability to bring this action. (Doc. 5 at 3.)

In *Missouri Alliance,* the Missouri Supreme Court considered the request of labor organizations for a declaratory judgment as to the scope of the exclusivity clause. 277 S.W.3d at 678. The plaintiffs argued that, as a result of the Act's amendments narrowing the definitions of "accident" and "injury," a substantial number of injured employees are excluded from compensation. *Id.* They therefore sought a declaratory judgment to address whether the exclusivity provision of the Act bars those workers' ability to pursue negligence tort actions against their employers. *Id.*

The plurality first reviewed the exclusivity provisions of the workers' compensation law as set out in section 287.120. *Id.* at 679. It concluded: "This section makes the act the exclusive remedy for the employee only on account of 'such accidental injury or death.' In other words, it is the exclusive remedy only for those 'injuries' that come within the definition of the term 'accident' under the act." *Id.* The Court then reviewed the definition of "accident" as contained in section 287.020.2, and stated:

> Read together, this means that if an 'injury' comes within the definition of the term 'accident' as defined in section 287.020.2, then it is included within the exclusivity provisions of the act, and recovery can be had, if at all, only under the terms set out in the act. If the 'injury' is one that is not included within the term

5

>'accident' as defined in the act, however, then under section 287.120.1 an employer shall not be liable to the employee under the act and the injury, therefore, is not subject to the exclusivity provisions of the act....

*Id.* The Court concluded that workers "excluded from the act by the narrower definition of 'accidental injury' have a right to bring suit under the common law, just as they could and did prior to the initial adoption of the act." *Id.* at 680. The question of whether certain employees have remedies under the Act or under the common law would have to be decided on a case-by-case basis depending on individual facts, as there was no specific case in front of the Court. *Id.*

Plaintiff next points out that the Act was amended in 2017 to remove the right for "partial" dependents to be able to pursue a remedy under the Act. *See* Mo. Rev. Stat. § 287.240(3)(b). Plaintiff contends that his claim for partial dependency is not provided for under the Act. He argues that, under *Missouri Alliance,* his claim falls outside the exclusivity provision of the Act and he has the right to bring suit under common law.

Defendant argues that *Missouri Alliance* is unavailing because it did not address or affect the primary jurisdiction doctrine. The undersigned agrees.

Designed to ensure proper relationships between courts and administrative agencies, the doctrine of primary jurisdiction provides that a court, despite having subject matter jurisdiction, may not resolve "issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." *United States v. W. Pac. R.R. Co.,* 352 U.S. 59, 64 (1956); *see Frisby v. Milbank Mfg. Co.*, 688 F.3d 540, 543 (8th Cir. 2012); *Killian v. J & J Installers, Inc.,* 802 S.W.2d 158, 160 (Mo. banc 1991). The court retains subject matter jurisdiction but allows the agency to address the contested issues. *Reiter v. Cooper,* 507 U.S. 258, 268–69 (1993).

6

Pursuant to this doctrine, the Commission has original jurisdiction to determine the fact issues that establish whether or not a claim is subject to the jurisdiction of the Commission. *Hannah v. Mallinckrodt, Inc.,* 633 S.W.2d 723, 726 (Mo. banc 1982) (citing *Sheen v. DiBella,* 395 S.W.2d 296, 303 (Mo. Ct. App. 1965)).  These questions arise "(1) where administrative knowledge and expertise are demanded; (2) to determine technical, intricate fact questions; (3) where uniformity is important to the regulatory scheme." *Killian,* 802 S.W.2d at 160.  In other words, the primary jurisdiction doctrine applies to questions involving "administrative expertise, technical factual situations and regulatory systems in which uniformity of administration is essential." *Jones v. Jay Truck Driver Training Center,* 709 S.W.2d 114, 115 (Mo. banc 1986), *overruled on other grounds by McCracken v. Wal–Mart Stores East, LP,* 298 S.W.3d 473, 479, 479 n. 3 (Mo. banc 2009).  These questions include determinations of whether there was an accident arising out of and in the course of employment, *Harris v. Westin Management Co. East,* 230 S.W.3d 1, 3 (Mo. banc 2007); *Killian,* 802 S.W.2d at 160; and whether working conditions were the "prevailing factor" in causing death,  *Halsey v. Townsend Corp. of Indiana*, 1:17 CV 4 SNLJ, 2018 WL 3993983, at *3 (E.D. Mo. Aug. 21, 2018), *aff'd,* 20 F.4th 1222 (8th Cir. 2021). In contrast, whether or not a plaintiff is an "employee" under the workers' compensation law is a question of law that a trial court may decide.  *Cooper*, 361 S.W.3d at 65.

Hence, a plaintiff cannot plead around the Commission's statutory authority.  *Killian,* 802 S.W.2d at 161.  A plaintiff does not have an "undefeatable right to have his claim determined in circuit court just because he chose to file it there in the first instance, without regard to whether ... his claim is otherwise one that Missouri statutes commit to determination by the Commission." *McCracken*, 298 S.W.3d at 478.

7

The Missouri Court of Appeals considered a claim similar to Plaintiff's in *Cooper v. Chrysler Grp.*, 361 S.W.3d 60, 62 (Mo. App. 2011). There, a plaintiff had a pending workers' compensation claim for injuries from a slip and fall incident that occurred at work. The employer admitted that the plaintiff sustained a workplace accident and provided physical therapy as treatment, but disputed that a subsequent surgery was necessitated by the accident. *Id.* The plaintiff filed suit against the employer in civil court, arguing that workers' compensation exclusivity did not apply because the employee's fall was not "the prevailing factor" in the injury and was not an "accident." *Id.* The trial court granted the defendant's motion for summary judgment based on workers' compensation exclusivity.

The Court of Appeals held that, "*Missouri Alliance* did not address or purport to change the primary jurisdiction doctrine, under which the Commission has original [authority] to determine issues of fact within its [authority]." *Id.* The issue of whether there was an "accidental injury" and specifically the issue of whether the need for the 2008 surgery was caused by the workplace accident are "clearly disputed questions of fact that the circuit court does not have the authority to decide because they are within the Commission's original jurisdiction." *Id.* at 64. The Court concluded that the trial court did not err in finding that this contested issue was within the Commission's jurisdiction. *Id.* The Court, however, found that the trial court should not have entered summary judgment in defendant's favor. *Id.* at 66. Although the Commission has exclusive jurisdiction "to determine accidental injury, if it does not find an accidental injury, plaintiff should then be able to pursue his civil cause of action. That cause of action should not be terminated by summary judgment before the Commission's decision." *Id.* The Court reversed and remanded the action for entry of a stay of proceedings. *Id.* at 67.

8

Here, the issues of whether Decedent's working conditions were the "prevailing factor" in causing his death and whether Plaintiff has dependency status under the Act are disputed questions of fact that are within the Commission's original jurisdiction.

Further, with regard to Plaintiff's claim that he has no remedy under the Act as a partial dependent, the actual payment of benefits under the Act is not a prerequisite for workers' compensation exclusivity to apply.  *Shaw v. Mega Industries, Corp.*, 406 S.W.3d 466, 473 (Mo. Ct. App. 2013) ("[t]he immunity provided by § 287.120 has never been interpreted to require that the injured worker actually receive workers' compensation benefits from the employer.") Rather, "if an 'injury' comes within the definition of the term 'accident' as defined in section 287.020.2, then it is included within the exclusivity provisions of the Act, and recovery can be had, *if at all,* only under the terms set out in the Act." *Missouri Alliance,* 277 S.W.3d at 679 (emphasis added).

This Court has discretion to stay the instant civil action while awaiting the agency's ruling, or to dismiss the action without prejudice if the parties would not be unfairly disadvantaged.  *Access Telecomms. v. Sw. Bell Tel. Co.,* 137 F.3d 605, 609 (8th Cir. 1998), *cert. denied,* 525 U.S. 962 (1998).  The Court will, therefore, stay the instant proceedings so that the Commission may determine these issues.  Plaintiff does not allege that a workers' compensation claim is presently pending before the Commission.  As such, Plaintiff will be required to file suit before the Commission, "and only if the Commission determines that plaintiff is not entitled to benefits can plaintiff[] then" pursue his case for negligence.  *Halsey,* 2018 WL 3993983, at *3.

Accordingly,

9

**IT IS HEREBY ORDERED** that the instant action is **stayed**.  Defendant's Motion for Judgment on the Pleadings (Doc. 17) is **held in abeyance**.

**IT IS FURTHER ORDERED** that a telephone status conference with the parties is scheduled for **August 14, 2023, at 10:00 a.m**.  The Court will initiate the call.

/s/ *Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of February, 2023.